# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF WEST VIRGINIA

**TRACI GUYNUP**
**301 Josephine St. #5**
**Berryville, VA 22611**
**(540) 409-6788**              **Plaintiff,**
**v.**

BERKELEY COUNTY WEST VIRGINIA SHERIFF LT. BILL
CHRISTIAN
**510 S. Raleigh Street**
**Martinsburg, WV 25401**
**Phone: (304) 267-7000**           **Defendants**

Mr. Don VORBACH
815 FRONTIER DRIVE
BUNKER HILL, WV 23832
(304) 261-0401

Mrs. Sherry VORBACH
815 FRONTIER DRIVE
BUNKER HILL, WV 23832
(304) 261-0401

Mr. Dan DOPSON
321 OVERBROOK ROAD
HAGERSTOWN, MD 21742
(240) 675-7607

MRS. JENNIFER DOPSON
321 OVERBROOK ROAD
HAGERSTOWN, MD 21742
(240) 675-7607

MR. DAVID WASHINGTON
13014 Yellow Jacket Rd
Hagerstown, MD 21740
(301) 302-5767
dwashington365@hotmail.com

MS. ANTOINETTE BAKER
111 BONAIR ST
FREDERICKSBURG, VA 22405
(540) 310-3562

Michael Rogers
Financial Crimes Investigator
Chesterfield County Police
10001 Iron Bridge Road
Chesterfield, VA 23832
804-748-1266

Chief Deputy C. Shawn Kimmitz
Stafford County Sheriff
1225 Courthouse Rd.,
Stafford, VA 22554
**(540) 658-4432**

Special Agent Eric Deel
15148 State Police Road,
Culpeper, Virginia 22701
(804) 674-2000

West Virginia State Police Cpl Zachary Nine
14 Trooper Drive
Martinsburg, WV 25404-3798

COMPLAINT
IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF WEST VIRGINIA

TRACI GUYNUP             Plaintiff,

v.

LT. BILL CHRISTIAN        Defendants
DON VORBACH
SHERRY VORBACH
DAN DOPSON
JENN DOPSON
DAVID WASHINGTON
ANTOINETTE BAKER
Michael Rogers
Chief Deputy C. Shawn Kimmitz
Special Agent Eric Deel
Cpl Zachary Nine

## COMPLAINT TO RECOVER DAMAGES FOR DEPRIVATION OF CIVIL RIGHTS AND PERSONAL INJURY

### JURISDICTION AND VENUE

Plaintiff brings this complaint under 42 U.S.C. Section 1983 for damages resulting from the Deprivation of Civil Rights, Unfair Practices inflicted upon Plaintiff by Defendants. The court has jurisdiction of this action (28 U.S.C. Sec. 1343) and of the parties. Venue is proper in this judicial district as the incidents complained of occurred in this district. The basis for federal court jurisdiction is the case is a Federal Question.

This is a 42 USC § 1983 complaint. In addition, Plaintiff brings this complaint under 18 U.S.C. §§ 241, 242 for CONSPIRACY and the Deprivation of

Civil Rights inflicted upon Plaintiff by Defendant Bill Christian. Defendant

Christian has conspired with Defendants to deprive Ms. Guynup of her rights. Bill

Christian has committed crimes against Ms. Guynup. Defendant Christian is sued

under 42 USC § 1983 for his criminal actions.

Plaintiff alleges as follows:

## **PARTIES**

Plaintiff Traci Guynup is an individual who is a resident of Clarke County,
Commonwealth of Virginia.
540 409-6788
301 Josephine St. #5, BERRYVILLE, VIRGINIA 22611

BERKELEY COUNTY SHERIFF LIEUTENANT WILLIAM CHRISTIAN
Defendant Christian is a law enforcement officer for the Berkeley County Sheriff's
Department. Defendant was acting under color of law and in the course and scope
of his employment as a law enforcement officer with the Berkeley County
Sheriff's Department at all times material.

CHESTERFIELD COUNTY POLICE MICHAEL ROGERS
Defendant ROGERS is a law enforcement officer for the CHESTERFIELD
County POLICE Department. Defendant was acting under color of law and in the
course and scope of his employment as a law enforcement officer with the
CHESTERFIELD County POLICE Department at all times material.

STAFFORD COUNTY SHERIFF CHIEF DEPUTY SHAWN KIMMITZ
Defendant KIMMITZ is a law enforcement officer for the STAFFORD County
Sheriff's Department. Defendant was acting under color of law and in the course
and scope of his employment as a law enforcement officer with the STAFFORD
County Sheriff's Department at all times material.

VIRGINIA STATE POLICE SPECIAL AGENT ERIC DEEL
Defendant DEEL is a law enforcement officer for the VIRGINIA STATE POLICE
Department. Defendant was acting under color of law and in the course and scope

of his employment as a law enforcement officer with the VIRGINIA STATE
POLICE Department at all times material.

WEST VIRGINIA STATE POLICE CPL ZACHARY NINE
Defendant NINE is a law enforcement officer for the WEST VIRGINIA STATE
POLICE Department. Defendant was acting under color of law and in the course
and scope of his employment as a law enforcement officer with the
WESTVIRGINIA STATE POLICE Department at all times material.

## FACTUAL BACKGROUND

1.The above defendants have violated:

West Virginia Code    §11-9-4

West Virginia Code    §11-9-6

West Virginia Code    §11-9-8

West Virginia Code    §11-9-10

West Virginia Code    §11-12-3

West Virginia Code    §61-3-24a.

Virginia Code § 2.2-3010.1

Virginia Code § 2.2-3011

Virginia Code § 8.01-216.3

Virginia Code § 18.2-111

Virginia Code § 18.2-152.3

Virginia Code § 18.2-186

Virginia Code §40.1-28.10

Virginia Code § 40.1-29

Virginia Code §40-33.1

Virginia Code § 40.1-33.2

Virginia Code § 58.1-3700

Virginia Code § 58.1-3907

     Operating seven unregistered businesses without obtaining EINs

     Operating seven unregistered businesses with intent to avoid paying Social Security

     Operating seven unregistered businesses with intent to avoid paying Medicare

     Operating seven unregistered businesses with the intent to avoid paying FUTA

| | |
|---|---|
| TITLE 18, UNITED STATES CODE | § 2 – Principals |
| TITLE 18, UNITED STATES CODE | §§ 241, 242 |
| TITLE 18, UNITED STATES CODE | § 371 |
| TITLE 18, UNITED STATES CODE | § 1341 |
| TITLE 18, UNITED STATES CODE | § 1343 |
| TITLE 18, UNITED STATES CODE | § 1344 |
| TITLE 18, UNITED STATES CODE | § 1346 |
| TITLE 18, UNITED STATES CODE | §§ 1956 or 1957 |
| TITLE 18, UNITED STATES CODE | §1961(1)(B) |
| TITLE 18, UNITED STATES CODE | §1962 |
| TITLE 26, UNITED STATES CODE | § 11(Operating seven unregistered businesses to evade paying income tax) |
| TITLE 26, UNITED STATES CODE | § 502 |
| TITLE 26, UNITED STATES CODE | § 3111 intent to avoid withholding income tax of employees |
| TITLE 26, UNITED STATES CODE | § 3403 |

| TITLE 26, UNITED STATES CODE | §6011 |
| --- | --- |
| TITLE 26, UNITED STATES CODE | §7201 |
| TITLE 42, UNITED STATES CODE | §12132 |
| TITLE 42, UNITED STATES CODE | §12182(b)(1)(A)(i) |
| TITLE 42, UNITED STATES CODE | §12182(b)(1)(D)(i) |
| TITLE 42, UNITED STATES CODE | §12182(b)(1)(D)(ii) |
| TITLE 42, UNITED STATES CODE | §12182(b)(1)(E) |
| TITLE 42, UNITED STATES CODE | §12182(b)(2)(A)(i) |
| TITLE 42, UNITED STATES CODE | §12182(b)(2)(A)(iii) |
| TITLE 42, UNITED STATES CODE | §12182(b)(2)(A)(iv) |
| TITLE 42, UNITED STATES CODE | §12182(b)(2)(A)(v) |

1. It is a crime for one or more persons acting under color of law willfully to deprive or conspire to deprive another person of any right protected by the Constitution or laws of the United States. (18 U.S.C. §§ 241, 242).

2. "Under color of law" means that the person doing the act is using power given to him or her by a governmental agency (local, State, or Federal).

3. A law enforcement officer acts "under color of law" even if he or she is exceeding his or her rightful power.

4. The types of law enforcement misconduct covered by these laws include theft or the intentional fabrication of evidence resulting in a loss of liberty to another.

5. These are criminal statutes. Violations of these laws are punishable by fine and/or imprisonment.

6. Berkeley County Christian has willfully deprived Plaintiff Guynup of rights protected by the Constitution and laws of the United States.

7. Berkeley County Christian has willfully deprived Plaintiff Guynup of rights protected by the Constitution and laws of the Virginia Constitution and laws of Virginia.

8. Berkeley County Christian has willfully conspired WITH DEFENDANTS ROGERS, KIMMITZ, DEEL & NINE to deprive Plaintiff Guynup of rights protected by the Constitution and laws of the United States.

9. Berkeley County Christian has willfully conspired WITH DEFENDANTS ROGERS, KIMMITZ, DEEL & NINE to deprive Plaintiff Guynup of rights protected by the Virginia Constitution and laws of Virginia.

**COUNT ONE**

10. The Defendants have fabricated incriminating evidence against the Plaintiff by FALSELY stating that Ms. Guynup was "removed" from Ms. Guynup's position as Vice-Chair of Almost Heaven ASC.

COUNT TWO

11. The Defendants conspired to violate the procedural safeguards of the United States Constitution applicable to proceedings in state courts by way of the **Fourteenth Amendment** which provides: nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

COUNT THREE

12. The Defendants seized Almost Heaven Area property which did not belong to them on March 5, 2022.

COUNT FOUR

13. The Defendants ejected Ms. Guynup from the Almost Heaven ASC meeting on March 5, 2022.

COUNT FIVE

14. The Defendants have conspired to violate Ms. Guynup's right to know the nature of the charge (Sixth Amendment) for which Ms. Guynup was ejected from the meeting.

COUNT SIX

15. The Defendants have conspired to violate Ms. Guynup's right to know the nature of the charge (Sixth Amendment) for which Ms. Guynup was "removed" from Ms. Guynup's position as Vice-Chair of the Almost Heaven ASC.

COUNT SEVEN

16. The Defendants have acted in concert to violate Ms. Guynup's right to confront one's accusers (Sixth Amendment).

COUNT EIGHT

17. The Defendants have conspired to violate Ms. Guynup's right to subpoena witnesses in one's favor (Sixth Amendment).

COUNT NINE

18. The Defendants have conspired to violate Ms. Guynup's right to discovery (Sixth Amendment).

COUNT TEN

19. DEFENDANTS CHRISTIAN, ROGERS, KIMMITZ, DEEL & NINE have assisted Mr. & Mrs. Vorbach, Mr. & Mrs. Dopson and Antoinette Baker in the theft of Almost Heaven ASC PROPERTY.

COUNT ELEVEN

20. DEFENDANTS CHRISTIAN, ROGERS, KIMMITZ, DEEL & NINE have assisted Mr. & Mrs. Vorbach, and Antoinette Baker in the theft of Central Atlantic Region property.

COUNT TWELVE

21. The Vorbachs stole the Almost Heaven ASC Zoom channel paid for with Almost Heaven ASC funds on June 2021.

22. The Vorbachs refused to relinquish their possession of the Almost Heaven ASC Zoom channel on December 4, 2021, January 8, 2022, February 5, 2022 and March 5, 2022.

COUNT THIRTEEN

23. The Defendants fabricated incriminating evidence of "minutes" on December 4, 2021, January 8, 2022, February 5, 2022 and March 5, 2022.

COUNT FOURTEEN

24. The Defendants ALTERED "minutes" on December 4, 2021, January 8, 2022, February 5, 2022 and March 5, 2022 to hide the criminal actions of Mr. & Mrs. Vorbach, Mr. & Mrs. Dopson, David Washington and Ron Sauers.

COUNT FIFTEEN

25. Ms. Guynup had distributed a prepared agenda for the March 5, 2022 meeting.

26. ON or about March 5, 2022, Mr. & Mrs. Vorbach, Mr. & Mrs. Dopson, David Washington and Ron Sauers caused to be published a FALSE agenda for the Almost Heaven ASC meeting.

COUNT SIXTEEN

27. While illegally in control of Almost Heaven ASC property, Mr. & Mrs. Vorbach, Mr. & Mrs. Dopson, David Washington, and Ron Sauers altered the order of the day/agenda.

COUNT SEVENTEEN

28. Trusted servant nominations occur AFTER the break at item number 16. "16. Trusted Servant Nominations"

COUNT EIGHTEEN

29. While illegally in control of Almost Heaven ASC property, DON VORBACH NOMINATED AND ELECTED HIMSELF CHAIR "*Don Vorbach nominated Chair Pro-Tem Pass 9-0-0*"

COUNT NINETEEN

On or about March 9, 2022, Defendant Christian began calumniating Ms. Guynup by making false and defamatory statements pertaining to Ms. Guynup's disability.

COUNT TWENTY

On or about March 9, 2022, Defendant Christian began calumniating Ms. Guynup by making false and defamatory statements pertaining to Mrs. Guynup's sanity.

COUNT TWENTY-ONE

On or about March 9, 2022, Defendant Christian began calumniating Ms. Guynup by making false and defamatory statements pertaining to Ms. Guynup's credibility.

COUNT TWENTY-TWO

30. The Defendants have conspired to prevent inquiry into their criminal actions.

COUNT TWENTY-THREE

31. Lt. Christian violated Ms. Guynup's rights with discriminatory intent.

COUNT TWENTY-FOUR

32. Lt. Christian falsely and maliciously told four separate law enforcement agencies that he had thoroughly investigated:

    a.  THE VORBACHS,

    b.  THE DOPSONS,

    c.  ANTOINETTE BAKER,

    d.  ALMOST HEAVEN ASC,

    e.  CENTRAL ATLANTIC RSC,

    f.  CONVENTION CELEBRATION CORPORATION,

    g.  VIRGINIA REGIONAL CONVENTION CORPORATION,

       RAPPAHANNOCK ASC,

    h.  MS. BAKER'S SBA LOANS FOR $100,000,

    i.  EMBEZZLEMENT,

    j.  MAIL FRAUD,

    k.  WIRE FRAUD,

    l.  THREE WELLS FARGO BANK ACCOUNTS,

    m. TWO TRUIST BANK ACCOUNTS,

    n.  FOUR F-3949a,

    o.  COMPLAINT.IC3.GOV,

    p.  FOUR USPIS.GOV COMPLAINTS

    q.  Ftc.gov/complaint 145531595.

COUNT TWENTY-FIVE

33. Lt. Christian only took a verbal statement from Ms. Dopson and Mr. & Mrs.

Vorbach so NOONE can be charged with perjury.

COUNT TWENTY-SIX

34. Lt. Christian FAILED TO verify the truth of any of DEFENDANTS'

statements.

COUNT TWENTY-SEVEN

35. Lt. Christian treated Ms. Guynup differently because Ms. Guynup had a disability.

36. Lt. Christian ACCEPTED a statement over the phone from the Dopsons.

COUNT TWENTY-EIGHT

37. Lt. Christian applied a different standard to Ms. Guynup.

38. Ms. Guynup supplied documentation from Truist bank, the IRS, the Virginia SCC, and the USPIS.

39. Even with supporting documentation from the banks, the Virginia government and the U.S. Government, Lt. Christian stated FALSELY "no crime has been committed".

COUNT TWENTY-NINE

40. Lt. Christian OBSTRUCTED JUSTICE by using oral statements from the Vorbachs and Dopsons instead of obtaining a <u>sworn affidavit</u>.

COUNT THIRTY

41. Lt. Christian treated Ms. Guynup differently.

42. Ms. Guynup was willing to provide a sworn affidavit, but Lt. Christian **refused** to obtain a sworn affidavit from Ms. Guynup.

COUNT THIRTY-ONE

43. Lt. Christian displayed his bias by finding the feather of Mrs. Vorbach's flimsy oral statement weighed more than the pounds of documentation Ms. Guynup provided.

COUNTY THIRTY-TWO

44. With malice and prejudice, Lt. Christian's biased viewpoint was that all of Ms. Guynup's statements and documentation were false and fictitious.

45. LT. CHRISTIAN knowingly and maliciously made false statements pertaining to Ms. Guynup to Stafford County Virginia Sheriff's Office.

COUNT THIRTY-THREE

46. LT. CHRISTIAN knowingly and maliciously made false statements pertaining to Ms. Guynup to Chesterfield County Police Officer Rogers.

COUNT THIRTY-FOUR

47. LT. CHRISTIAN knowingly and maliciously made false statements pertaining to Ms. Guynup to Virginia State Police Special Agent Deel.

COUNT THIRTY-FIVE

48. LT. CHRISTIAN knowingly and maliciously made false statements pertaining to Ms. Guynup to West Virginia State Police Cpl. Nine.

COUNT THIRTY-SIX

49. The Defendants have fabricated incriminating evidence against the Plaintiff by authoring, and altering the Almost Heaven ASC December 4, 2021, January 8, 2022, February 5, 2022 and March 5, 2022 minutes.

COUNT THIRTY-SEVEN

50. Lt. Christian is guilty of rash judgment by assuming as true, without sufficient foundation, Ms. Guynup was delusional.

COUNT THIRTY-EIGHT

51. Lt. Christian is guilty of calumny by making remarks to four separate law enforcement agencies harming Ms. Guynup's reputation and causing the four law enforcement agencies to make false judgments about Ms. Guynup's sanity and credibility.

COUNT THIRTY-NINE

52. The Defendants have conspired to violate the procedural safeguards of the United States Constitution applicable to proceedings in state courts by way of the **Fourteenth Amendment** which provides: nor shall any state deprive any person of life.

53. Destroying someone's reputation by character assassination is the equivalent of murder.

54. Ms. Guynup's ability to find paid work has been damaged by the calumny.

COUNT FORTY

55. The Defendants have conspired to violate the procedural safeguards of the United States Constitution applicable to proceedings in state courts by way of the **Fourteenth Amendment** which provides: nor shall any state deprive any person of liberty without due process of law.

56. The Vorbachs illegally accessed the Almost Heaven Area Zoom channel on March 5, 2022, and then proceeded to hatefully mute Ms. Guynup every time she attempted to speak.

COUNT FORTY-ONE

57. For four years, August 2018 – December 2021, Don Vorbach has stated FALSELY that Almost Heaven is a "nonprofit".

COUNT FORTY-TWO

58. For four years, August 2018 – December 2021, Don Vorbach has solicited funds from We Believe in Miracles.

COUNT FORTY-THREE

59. For four years, JANUARY 2018 – December 2021, Don Vorbach has solicited funds from Ms. Guynup under the false pretense that the money would be deposited in a "nonprofit" Almost Heaven ASC bank account.

COUNT FORTY-FOUR

60. For three years, Don Vorbach has FALSELY stated that the Almost Heaven ASC Zoom channel was purchased by Mrs. Vorbach with Mrs. Vorbach's money.

COUNT FORTY-FIVE

61. About December 4, 2021, Ms. Guynup uncovered the Vorbachs and Dopsons embezzlement scheme.

62. The Vorbachs and Dopsons immediately began harassing Ms. Guynup during ASC meetings by refusing to yield the floor, shouting over Ms. Guynup, and muting Ms. Guynup multiple times.

COUNT FORTY-SIX

63. The Vorbachs and Dopsons illegally accessed the Almost Heaven Area Zoom channel on March 5, 2022 and ejected Ms. Guynup from the meeting thereby restricting Ms. Guynup's liberty.

COUNT FORTY-SEVEN

64. Defendant Christian has supported the Vorbach's criminal actions due to his prejudice against Ms. Guynup for having a disability.

COUNT FORTY-EIGHT

65. Don Vorbach ILLEGALLY accessed the Almost Heaven Area Zoom channel on March 5, 2022 and declared himself CHAIR.

COUNT FORTY-NINE

66. The Vorbachs AND Dopsons illegally controlled the Almost Heaven ASC Zoom channel on December 4, 2021, January 8, 2022, February 5, 2022, and March 5, 2022.

67. The Vorbachs AND Dopsons limited Ms. Guynup's access to the meetings.

68. The Vorbachs, Dopsons and David Washington illegally ejected Ms. Guynup from the March 5, 2022' meeting.

COUNT FIFTY

69. The Vorbachs dictated to the Almost Heaven ASC that it would ONLY meet in person beginning in April 2022.

COUNT FIFTY-ONE

70. The Vorbachs hatefully and intentionally excluded Ms. Guynup from ALL future meetings of Almost Heaven Area by moving the Zoom meeting to in-person.

COUNT FIFTY-TWO

71. From 2019- 2022, the Vorbachs fraudulently and without authorization used Almost Heaven ASC funds.

72. From 2019- 2022, the Vorbachs purchased multiple Zoom channels with Almost Heaven ASC monies without Almost Heaven authorization.

COUNT FIFTY-THREE

73. The Vorbachs maliciously moved the Zoom meeting to an in-person meeting at Immanuel House in Martinsburg for the purpose of excluding Ms. Guynup and other people with disabilities.

COUNT FIFTY-FOUR

74. Lt. Christian has denied Ms. Guynup the equal protection of the laws thru Defendant Christian's rash judgment that Ms. Guynup was crazy.

COUNT FIFTY-FIVE

75. Lt. Christian exculpated the Vorbachs and Dopsons from any wrongdoing without verifying the truth of any of Defendants' statements.

COUNT FIFTY-SIX

76. Lt. Christian displayed gross prejudice when he examined the Almost Heaven Area March 5 "minutes".

77. Lt. Christian was biased against Ms. Guynup because the "minutes" were not signed.

78. Lt. Christian was biased against Ms. Guynup because the "minutes" were not AUTHENTICATED.

79. Lt. Christian treated Ms. Guynup differently by requiring Ms. Guynup to provide a higher level of proof than the Defendants.

COUNT FIFTY-SEVEN

80. Lt. Christian was biased against Ms. Guynup because Lt. Christian did NOT have personal knowledge of what happened at the March 5 meeting.

COUNT FIFTY-EIGHT

81. Lt. Christian repeated the FALSE statement to the 4 law enforcement agencies that "Ms. Guynup" had been "removed" based only on the "minutes".

COUNT FIFTY-NINE

82. Lt. Christian displayed bias against Ms. Guynup because Lt. Christian did not know the "minutes'" author.

83. Lt. Christian did not require the Defendants to authenticate the March 5 minutes.

84. Ms. Guynup would assert that person without a disability would have received a monetary reward of several thousand dollars for providing information that would lead to an arrest.

COUNT SIXTY

85. After speaking with Ms. Dopson by phone and possibly meeting with the Vorbachs, Lt. Christian repeated the malicious, false defamatory statements of Ms. Dopson and Mr. & Mrs. Vorbach to the four law enforcement agencies.

86. Each agency then refused to take a report  because Lt. Christian had told each Officer that Ms. Guynup was crazy.

87. Each officer treated Ms. Guynup differently after speaking with Lt. Christian.

88. Stafford County Sheriff's refused to issue warrants for Ms. Antoinette Baker.

89. The Plaintiff named the accused and described the offenses charged with reasonable certainty.

COUNT SIXTY-ONE

90. The Vorbachs have obtained ~$30,000/year in income from Maryland, Virginia, and West Virginia without paying any tax and without filing any documents and without registering the business (Almost Heaven ASC) in Virginia or Maryland or West Virginia.

COUNT SIXTY-TWO

91. Without giving an accounting or receipts, the Vorbachs have allegedly deposited that money in two bank accounts in West Virginia.

COUNT SIXTY-THREE

92. Mr. & Mrs. Vorbach, and David Washington [while none of them are ELECTED Almost Heaven ASC EXECUTIVE COMMITTEE officers] have used Almost Heaven ASC and Convention Celebration monies in two bank accounts to buy: paypal accounts, web services, online stores, mailboxes, and zoom channels.

COUNT SIXTY-FOUR

93. Mr. & Mrs. Vorbach, and David Washington [while none of them were Almost Heaven Area elected officers] retained control of the Bank accounts, bank

statements, all records, archives, and minutes for the last 36 years as well as the paypal accounts, web services, online stores, mailboxes, and zoom channels from April 2021 – April 2022.

COUNT SIXTY-FIVE

94. Mr. & Mrs. Vorbach, and David Washington [while they were not Area officers] **refused** to turn over their access from April 2021 thru present to the Bank accounts, bank statements, all records, archives, and minutes for the last 36 years as well as the paypal accounts, web services, online stores, mailboxes, and zoom channels.

95. The Vorbachs and Dopsons and David Washington have used Almost Heaven tangible and intangible property (Bank accounts, paypal accounts, web services, online stores, mailboxes, and zoom channels) to accrue more money.

96. When Ms. Guynup was elected in December 2021, the Vorbachs and David Washington should have immediately relinquished all control of Almost Heaven Area tangible and intangible property because (Sherry, Don, Dan & David) were NOT elected officers.

COUNT SIXTY-SIX

97. Mrs. Jenn Dopson should have relinquished her control of Almost Heaven Area property on December 4, 2021, when Ms. Guynup uncovered Mrs. Dopson's participation in the conspiracy to embezzle funds.

98. Mrs. Dopson has known since elected Treasurer in about April 2021 that Mr. & Mrs. Vorbach and David Washington were using Almost Heaven funds WITHOUT AUTHORIZATION to purchase: paypal accounts, web services, online stores, mailboxes, & zoom channels for personal gain.

COUNT SIXTY-SEVEN

99. From about January 2018 thru present, Mr. & Mrs. Vorbach & Mr. & Mrs. Dopson and David Washington participated in the conspiracy by stating FALSELY to members of the 14 Almost Heaven Area homegroups that Mr. & Mrs. Vorbach had paid for an Almost Heaven Area zoom channel out of their own pocket.

100.   From January 2018 thru January 2022, Mr. Vorbach told Ms. Guynup that Mrs. Vorbach had personally paid for the Zoom channel(s).

101.   During the January 2022 Almost Heaven ASC, Mrs. Vorbach stated falsely that she had paid for the Zoom channel, and that the Area homegroups could reimburse (Mrs. Vorbach/New Hope Group).

COUNT SIXTY-EIGHT

102.   Mrs. Vorbach is the Treasurer of the New Hope Group.

103.   Mrs. Vorbach fraudulently acts as Almost Heaven ASC Treasurer and Webmaster.

COUNT SIXTY-NINE

104.   Mrs. Vorbach fraudulently acts as the Treasurer of the Convention

Celebration Corporation.

COUNT SEVENTY

105.   Over the past four years, Mr. Vorbach has fraudulently acted as We Believe

in Miracles Treasurer, We Believe in Miracles GSR, Almost Heaven Policy

Chair,   Almost Heaven ASC Chairperson, & Almost Heaven ASC RCM.

COUNT SEVENTY-ONE

106.   While fraudulently acting in those positions, Mr. Vorbach has conspired

with Thaddeus Marshall & Mrs. Vorbach to have Mrs. Vorbach elected to

Central Atlantic RDA.

COUNT SEVENTY-TWO

107.   While fraudulently acting in those positions, Mr. Vorbach has conspired

with Mrs. Vorbach, Thaddeus Marshall and Antoinette Baker to have

Antoinette Baker elected as Central Atlantic RSC Chair.

COUNT SEVENTY-THREE

108.   While fraudulently acting in those positions, Mr. Vorbach has conspired

with Mrs. Vorbach, Thaddeus Marshall and Antoinette Baker to have Thaddeus

Marshall elected as Convention Chair.

COUNT SEVENTY-FOUR

109.   Mrs. Vorbach also stated falsely to the New Hope group, for which Mrs. Vorbach is Treasurer, that Mrs. Vorbach had paid for the Zoom channel.

110.   Mrs. Vorbach then reimbursed herself $150 from New Hope Group.

COUNT SEVENTY-FIVE

111.   Mrs. Vorbach used Almost Heaven ASC funds without authorization to purchase at least one Zoom channel.

112.   On December 4, 2021, Ms. Guynup requested account information for the multiple Zoom channels controlled by Mrs. Vorbach. Mrs. Vorbach and Mrs. Dopson refused to provide that information.

COUNT SEVENTY-SIX

113.   Mrs. Dopson has violated Robert's Rules of Order, Almost Heaven Area guidelines, Almost Heaven ASC policy, the Narcotics Anonymous Treasurer's handbook, NA's Twelve Traditions and NA's Twelve Concepts.

COUNT SEVENTY-SEVEN

114.   Mrs. Dopson has participated in the operation of the Almost Heaven ASC without a business license.

COUNT SEVENTY-EIGHT

115.   Mrs. Dopson has participated in the operation of the Almost Heaven ASC without 501c3 designation.

COUNT SEVENTY-NINE

116.  Mrs. Dopson has participated in the operation of the Almost Heaven ASC without reporting the $5,000/year of income for the calendar years 2020, 2021, and 2022.

COUNT EIGHTY

117.  The Vorbachs and Dopsons and David Washington have conspired to commit **WV§11-9-4.** Failure to pay tax or file return or report for the Almost Heaven ASC for 36 years (From January 1985 – December 2021) .

COUNT EIGHTY-ONE

118.  The Vorbachs and Dopsons and David Washington have failed to <u>collect or withhold employment or sales taxes</u> for West Virginia, Virginia, Maryland and the United States of America for the calendar years 1985 - 2021**WV§11-9-6. Failure to collect or withhold tax.**

COUNT EIGHTY-TWO

119.  The Vorbachs and Dopsons and David Washington have willfully failed to maintain records.

120.  The Vorbachs and Dopsons and David Washington have willfully refused to supply information in violation of **WV§11-9-8. Willful failure to maintain records or supply information; misuse of exemption certificate.**

COUNT EIGHTY-THREE

121. The Vorbachs and Dopsons , David Washington and Antoinette Baker and Thaddeus Marshall have, either together or individually, maintained and had signature authority on seven (7) different bank accounts at two (2) different banks, including Truist and Wells Fargo. IN VIOLATION OF **WV§11-9-10. Attempt to evade tax.**

COUNT EIGHTY-FOUR

122. **AND** IN VIOLATION OF TITLE 26, UNITED STATES CODE, SECTION 7201

**COUNTY EIGHTY-FIVE**

123. AND IN VIOLATION OF 18 U.S. Code § 2 – Principals

**COUNT EIGHTY-SIX**

124. The Vorbachs and Dopsons, David Washington and Antoinette Baker and Thaddeus Marshall aided and abetted by each other, did willfully attempt to evade and defeat a large part of the taxes due and owing by them to West Virginia, Virginia, Maryland and the United States of America for the calendar years 1985 - 2021 by operating Almost Heaven ASC and Central Atlantic RSC as "nonprofits" without business licenses and without 501c3 designations for about 36 years.

COUNT EIGHTY-SEVEN

125.   The defendants have opened <u>at least</u> seven checking accounts. Two accounts are at Truist in Martinsburg, West Virginia.

126.   One account was opened in the name of Almost Heaven ASC.

127.   The Almost Heaven ASC bank account gave signature authority to both defendant Sherry Vorbach and defendant Jennifer Dopson.

128.   One account was opened in the name of "Convention Celebration Corporation" with signature authority to Sherry Vorbach AND Don Vorbach.

129.   Three accounts were opened in the name of Virginia Regional Convention Corporation.

130.   ALL three Wells Fargo VRCC bank accounts were closed on January 20, 2022, due to CIP errors.

131.   On January 20, 2022, The Wells Fargo bank stated that the VRCC bank statement address had to match what was listed with the SCC.

132.   One account was opened in the name of Central Atlantic RSC with signatory authority given to Sherry Vorbach and Antoinette Baker.

133.   The bank accounts have been used for the purpose of disguising taxable personal income for at least the past two years and possibly up to 36 years.

COUNT EIGHTY-EIGHT

134.   Anyone, including Ms. Guynup, M. M. and R.S., who has inquired about the legitimacy of these accounts and these transactions has been subjected to brutal harassment, shunning, exclusion and retaliation.

135.   Defendants further committed the following affirmative acts of evasion to conceal and attempt to conceal the true and correct income and evade the taxes due and owing:

COUNT EIGHTY-NINE

136.   Thaddeus Marshall and Antoinette Baker have been involved as with the Virginia Regional Convention since at least 2015.

137.   As Ms. Baker has stolen money from the Rappahannock Area and has not repaid those funds, this automatically precludes her from taking positions with the Region where she would have access to more money.

COUNT NINETY

138.   The Virginia Regional Convention Corporation falsely files Form 990-N.

139.   Desroches, the VRCC accountants, have resigned in January 2022.

COUNT NINETY-ONE

140.   The VRCC has OPERATED with over $50,000 annual revenue.

141.   The VRCC currently has three bank accounts.

COUNT NINETY-TWO

142.   The Convention Celebration Corporation allegedly files a Form 990-N with

$25,000 annual revenue.

143.   The Treasurer for the Convention Celebration Corporation has alternated

between Sherry Vorbach in 2017, Don Vorbach in 2018, and Sherry Vorbach in

2019.

COUNT NINETY-THREE

144.   The Central Atlantic RSC is operated as a "nonprofit" but is not registered,

does not have 501c3 designation and has not filed tax forms.

COUNT NINETY-FOUR

145.   The Almost Heaven ASC is operated as a "nonprofit" but is not registered,

does not have 501c3 designation and has not filed tax forms.

COUNT NINETY-FIVE

146.   The defendants, Mr. & Mrs. Vorbach, Mr. & Mrs. Dopson, David

Washington and Antoinette Baker on or about April 16,2020 and April 16,

2021, did willfully attempt to evade and defeat a large part of the tax due and

owing by the defendants to West Virginia, Virginia, Maryland and the United

States of America for calendar years 2020 and 2021 by failing to file, by failing

to pay to the West Virginia Revenue Department, the Virginia Revenue

Department, the Maryland Revenue Department and the Internal Revenue

Service said taxes, and by committing the affirmative acts of evasion to conceal and attempt to conceal the true and correct income and taxes due and owing.

COUNT NINETY-SIX

147.    The defendants, Mr. & Mrs. Vorbach and Antoinette Baker did not file or cause to be filed a corporate tax return U.S. Form 1120 for Central Atlantic RSC for the calendar year 2021.

COUNT NINETY-SEVEN

148.    The defendants, Mr. & Mrs. Vorbach, Mr. & Mrs. Dopson, and David Washington with or without Thaddeus Marshall did not file or cause to be filed a corporate tax return U.S. Form 1120 for Almost Heaven ASC for the calendar year 2021.

COUNT NINETY-EIGHT

149.    The defendants, Mr. & Mrs. Vorbach, and Antoinette Baker did not file or cause to be filed a corporate tax return U.S. Form 1120 for Central Atlantic RSC for the calendar year 2020.

COUNT NINETY-NINE

150.    The defendants, Mr. & Mrs. Vorbach, Mr. & Mrs. Dopson, David Washington and Thaddeus Marshall did not file or cause to be filed a corporate tax return U.S. Form 1120 for Almost Heaven ASC for the calendar year 2020.

COUNT ONE HUNDRED

151. The defendants, Mr. & Mrs. Vorbach, did not file or cause to be filed a corporate tax return U.S. Form 1120 for Central Atlantic RSC for the calendar years 2011-2019.

COUNT ONE HUNDRED AND ONE

152. The defendants, Mr. & Mrs. Vorbach, did not file or cause to be filed a Form 990-N for the Virginia Regional Convention Corporation for the calendar years 2011-2019.

COUNT ONE HUNDRED AND TWO

153. The defendants, Mr. & Mrs. Vorbach, did file a Form 990-N for the Convention Celebration Corporation for the calendar years 2017-2019.

COUNT ONE HUNDRED AND THREE

154. The Convention Celebration Corporation has operated as an unregistered business in **Virginia** since 1993 and has not paid or filed taxes in Virginia during those years in violation of  VA § 58.1-3700 § 58.1-3907, WV§11-12-3. Business registration certificate required; tax levied; exemption from registration; exemption from tax; penalty.

COUNT ONE HUNDRED AND FOUR

155. Mrs. Dopson, David Washington, Thaddeus Marshall knew that **Mr. & Mrs. Vorbach should have relinquished access to Almost Heaven Area bank**

**accounts, paypal accounts, web services, online stores, mailboxes, & zoom channels in April 2021** when Mrs. Dopson was elected Treasurer.

156.   Instead, Mrs. Dopson, Thaddeus Marshall and David Washington continued to participate in the embezzlement scheme from April 2021 thru the present.

COUNT ONE HUNDRED AND FIVE

157.   The Vorbachs have used Almost Heaven ASC monies to travel both nationally and internationally.

COUNT ONE HUNDRED AND SIX

158.   The Vorbachs transfer money from the bank accounts in West Virginia to bank accounts in Virginia.

COUNT ONE HUNDRED AND SEVEN

159.   The Vorbachs have used the money in the bank accounts in Virginia without paying any tax and without filing any documents and without registering the business (Central Atlantic Region, Chesterfield) in Virginia or Maryland or West Virginia.

COUNT ONE HUNDRED AND EIGHT

160.   The Vorbachs and others have used the money in the two bank accounts in Virginia to buy paypal accounts, web services, online stores, mailboxes, & zoom channels thru which they have obtained about $80,000/year in income.

COUNT ONE HUNDRED AND NINE

161.   The Central Atlantic Region Treasurer position is currently vacant; therefore, ALL transactions for the past two years (2020-2022) are suspicious.

162.   The Vorbachs and Antoinette Baker have refused to provide an accounting or audit or tax documents for the Central Atlantic Region.

COUNT ONE HUNDRED AND TEN

163.   The Vorbachs, Thaddeus Marshall, David Washington, Dora Rice and Kurtz fraudulently acted as officers when they were not elected officers of the Almost Heaven ASC for the purpose of retaliating against Ms. Guynup for exposing the fraud and embezzlement.

COUNT ONE HUNDRED AND ELEVEN

164.   The Vorbachs, the Dopsons, Thaddeus Marshall, David Washington, Dora Rice and Kurtz participated in a hostile takeover on March 5 by inciting a riot during Almost Heaven ASC.

COUNT ONE HUNDRED AND TWELVE

165.   From December 4, 2021- March 7, 2022, The Vorbachs and Dopsons refused to answer inquiries about Almost Heaven tangible and intangible property.

COUNT ONE HUNDRED AND THIRTEEN

166.   From December 4, 2021- March 7, 2022, The Vorbachs and Dopsons refused to answer the telephone, emails or texts with inquiries about paypal accounts, web services, online stores, mailboxes, and zoom channels.

167.   Ms. Guynup followed NA policy and sent a loss letter copied verbatim from the na.org website.

COUNT ONE HUNDRED AND FOURTEEN

168.   Dan Dopson responded by threatening to file criminal "HARASSMENT" charges against Ms. Guynup.

COUNT ONE HUNDRED AND FIFTEEN

169.   The Vorbachs know that Antoinette Baker has absconded with Rappahannock Area funds and has defaulted on her restitution agreement, but the Vorbachs participated in fraudulently electing Antoinette Baker to Central Atlantic Regional Chair so the Vorbachs and Ms. Baker could access Regional funds.

COUNT ONE HUNDRED AND SIXTEEN

170.   The Vorbachs, Thaddeus Marshall, and Antoinette Baker know the identity of "someone" within the VRCC/AVCNA that has embezzled thousands within the past two years.

171.   The Vorbachs did not hold that individual accountable.

COUNT ONE HUNDRED AND SEVENTEEN

172.   On December 4, 2021, the Vorbachs and Dopsons began a campaign in retaliation against Ms. Guynup for uncovering the illegal, fraudulent activities.

COUNT ONE HUNDRED AND EIGHTEEN

173.   The Vorbachs, Dopsons, David Washington, Dora Rice and Kurtz have uttered false and defamatory statements pertaining to Ms. Guynup to the 14 Almost Heaven Area homegroups.

COUNT ONE HUNDRED AND NINETEEN

174.   The Vorbachs, Dan Dopson AND Dora Rice ILLEGALLY accessed control of the Almost Heaven ASC Zoom channel on December 4, January 8, February 5 and March 5.

175.   The Vorbachs and Dopsons illegally seized control of the Almost Heaven ASC December 4, January 8, February 5 and on March 5.

COUNT ONE HUNDRED AND TWENTY

176.   Sherry Vorbach has fraudulently acted as Almost Heaven ASC webmaster and has refused to turn over the websites, PayPal accounts, & Zoom channels to the Area officers from April 2021-present.

COUNT ONE HUNDRED AND TWENTY-ONE

177.   Sherry Vorbach has fraudulently acted as Almost Heaven ASC Treasurer.

178.   From April 2021-present, Mrs. Vorbach has refused to turn over possession of the:

   a.   Almost Heaven ASC mailbox keys,

   b.  bank accounts,

   c.  archives from the past 36 years, &

   d.  bank records from the past 36 years..

COUNT ONE HUNDRED AND TWENTY-TWO

179.   The Vorbachs and Dopsons disrupted the Almost Heaven ASC in December

   2021, January 2022, February 2022, and March 2022 by shouting for 20

   minutes during each and every meeting and refusing to yield the floor.

180.   About March 7, 2022, Ms. Guynup reported the embezzlement and fraud to

   Lt. Christian.

181.   About March 8, Lt. Christian spoke with Jenn Dopson.

182.   From March 7 – March 25, Ms. Guynup waited patiently for Lt. Christian to

   provide a report of his investigation.

COUNT ONE HUNDRED AND TWENTY-THREE

183.   From about March 9, 2022, Lt. Christian and Sheriff Harmon refused to

   answer emails and phone calls.

184.   On March 25, Ms. Guynup began contacting law enforcement agencies in

   Virginia because Ms. Guynup had acquired new information about the criminal

   activities of Antoinette Baker and the Vorbachs in Virginia.

185.   Ms. Guynup truthfully stated that she believed that Lt. Christian was investigating.

COUNT ONE HUNDRED AND TWENTY-FOUR

186.   The Vorbachs and Dopsons have uttered false and defamatory statements to law enforcement officers including but not limited to Berkeley County Sheriff's Office Lt. Bill Christian.

COUNT ONE HUNDRED AND TWENTY-FIVE

187.   On or about March 10, 2022, the Vorbachs and Dopsons made false and defamatory statements about Ms. Guynup to Berkeley County Sheriff's Office Lt. Bill Christian.

188.   From about March 10, 2022, Lt. Christian refused to investigate the matter further.

COUNT ONE HUNDRED AND TWENTY-SIX

189.   Lt. Bill Christian repeated the false and defamatory statements about Ms. Guynup to Stafford County Virginia Sheriff's Office.

190.   After speaking with Lt. Christian, the Stafford County Sheriff's Office treated Ms. Guynup differently by hanging up the phone on her.

COUNT ONE HUNDRED AND TWENTY-SEVEN

191.   Lt. Bill Christian repeated the false and defamatory statements to Chesterfield County Virginia Police Officer Rogers.

192.   After speaking with Lt. Christian, the Chesterfield County Virginia Police

Officer Rogers treated Ms. Guynup differently by stating there was no crime.

COUNT ONE HUNDRED AND TWENTY-EIGHT

193.   Lt. Bill Christian repeated the false and defamatory statements about Ms.

Guynup to West Virginia State Police Corporal Nine.

194.   After speaking with Lt. Christian, West Virginia State Police Corporal Nine

treated Ms. Guynup differently by stating there was no crime.

COUNT ONE HUNDRED AND TWENTY-NINE

195.   Lt. Bill Christian repeated the false and defamatory statements about Ms.

Guynup to Virginia State Police Eric Deel.

196.   AFTER speaking with Lt. Christian, the Virginia State Police Eric Deel

treated Ms. Guynup differently by stating there was no crime.

197.   Defendant Deel spoke with Ms. Guynup on March 28,2022. Defendant Deel

refused to take a written report.

198.   Defendant Deel did not obtain a sworn affidavit from anyone.

COUNT ONE HUNDRED AND THIRTY

199.   On April 5, 2022, Defendant Deel FALSELY stated that Ms. Guynup had

been "removed" from her position as Vice-Chair.

200.   On April 5, Defendant Deel refused to provide ANYTHING in writing.

201. Defendant Deel REFUSED to provide Defendant Christian's alleged statements in writing.

202. On April 7, 2022, Ms. Guynup contacted Eric Deel with information that the Vorbachs had been the ones that "removed" Ms. Guynup.

203. Special Agent Deel stated the Vorbachs removing Ms. Guynup was irrelevant.

COUNT ONE HUNDRED AND THIRTY

204. On April 8, Ms. Guynup contacted Defendant Deel about Antoinette Baker of Fredericksburg, and Central Atlantic Region of Chesterfield Virginia.

205. Defendant Deel stated an obscure "state police policy" that allegedly forbids Defendant Deel from investigating crimes committed within Virginia that are committed by Virginians (Antoinette Baker).

206. Defendant Deel refused to provide a copy of the policy in writing.

207. Defendant Deel refused to state the wording of the "policy"

208. Defendant Deel refused to provide any identifying information of the policy.

209. On April 8, Ms. Guynup spent two hours researching the alleged "policy".

210. After two hours of repeated emails and phone calls to the Virginia State Police FOIA office, Ms. Guynup was informed that the policy was part of a 600-page document.

211.   Virginia State Police FOIA Office stated it would cost hundreds of dollars to obtain a copy of the "policy".

212.   Defendant Deel treated Ms. Guynup differently, because Defendant Deel would not have required someone without a disability to obtain an obscure Virginia State Police policy.

213.   After two hours of phone calls and emails, the FOIA office stated the policy was a part of "General Order #9"; and they would not be able to provide a copy of the paragraph for 5-7 days.

214.   On Monday April 11, 2022, the FOIA office provided a copy of one paragraph "General Order OPR 8.00 13." And charged Ms. Guynup $35.

215.   General Order 8 states in part, "Whenever a complainant reports to a sworn employee that she is DISSATISFIED with the investigation … and requests that this Department take over the investigation."

216.   This statement by Defendant Deel is FALSE in four parts.

217.   FIRST, Ms. Guynup did NOT say that she was "**dissatisfied**" with Lt. Christian's investigation. Ms. Guynup only stated that Lt. Christian had been investigating the Vorbachs in West Virginia.

218.   SECOND, Ms. Guynup did NOT report Antoinette Baker and the Central Atlantic RSC to Lt. Christian.

219. THIRD, Ms. Guynup requested that Defendant Deel investigate Antoinette Baker and the Central Atlantic RSC. Ms. Guynup NEVER asked Defendant Deel to take over the investigation of the Vorbachs.

220. FOURTH, according to General Order OPR 8.00 13, the complainant may appeal to the Division Commander. Ms. Guynup spoke with Sgt. Phil King on the phone; and Sgt. King did not allow for an appeal.

221. The West Virginia Attorney General's office, the Virginia Attorney General's office, Congresswoman Wexton's office, Governor Jim Justice's office, the U.S. Attorney's Office for the Eastern District of Virginia and the U.S. Attorney's Office for the Northern District of West Virginia all stated that it was necessary for Ms. Guynup to report the crimes to local law enforcement.

COUNT ONE HUNDRED AND THIRTY-ONE

222. The defendant officers have refused to issue warrants for Mr. & Mrs. Vorbach, Mr. & Mrs. Dopson, David Washington and Antoinette Baker.

223. Ms. Guynup complained of the offenses beginning March 7, 2022.

The Plaintiff named the accused and described the offenses charged with reasonable certainty.

COUNT ONE HUNDRED AND THIRTY-TWO

225.   Defendants have conspired to withhold bank records, PayPal account records, Zoom account records, mailbox records, Almost Heaven ASC records, Central Atlantic RSC records.

226.   The Defendants have NOT paid the Plaintiff for all Guynup's work from December 4, 2021, through March 5, 2022.

227.   Defendants have conspired to commit wage theft of $30,000 for the work completed by Ms. Guynup from December 4, 2021 – March 5, 2022.

COUNT ONE HUNDRED AND THIRTY-FOUR

228.   The Defendants are operating one business, Almost Heaven ASC, in Maryland, Virginia, and West Virginia.

COUNT ONE HUNDRED AND THIRTY-FIVE

229.   The Defendants are operating the Central Atlantic RSC in North Carolina, Virginia, West Virginia, Maryland and Pennsylvania.

COUNT ONE HUNDRED AND THIRTY-SIX

230.   For thirty minutes, the Defendants during made malicious false statements that Ms. Guynup was "crazy", "insane", 'fucking nuts', 'psychotic', 'delusional', 'hallucinating'.

231.   After thirty minutes, Don Vorbach illegally removed Ms. Guynup from the Zoom channel.

232. Deputy Christian has <u>never</u> investigated Ms. Guynup's allegations about Ms. Baker.

233. Defendant Christian has obstructed justice by refusing to obtain a sworn affidavit from Mr. & Mrs. Vorbach, Mr. & Mrs. Dopson and/or Ms. Baker.

234. Berkeley County Attorney Delligatti has obstructed justice by refusing to prosecute Mr. & Mrs. Vorbach, Mr. & Mrs. Dopson and/or Ms. Baker for the crimes.

COUNT ONE HUNDRED AND THIRTY-SEVEN

235. Defendant Christian acted with the intent to obstruct an actual investigation of a matter within the jurisdiction of the Northern District of West Virginia in the United States.

236. Ms. Guynup has reported each crime by completing online forms, submitting emails, and in writing to each agency by mail.

COUNT ONE HUNDRED AND THIRTY-EIGHT

237. As Sheriff Harmon and Lt. Christian have refused to communicate with Ms. Guynup, it is unknown, but she believes that Lt. Christian has excluded witnesses:

    a. Antoinette Baker, 111 Bonair St., Fredericksburg, VA 22405

    b. David Washington, 13014 Yellow Jacket Rd, Hagerstown, MD 21740

    c. Thaddeus Marshall, Martinsburg, WV 304 676 2098,

       thaddeusm15@gmail.com

    d. Donna McDonald, 101 Cameron St., Berryville, VA 22611

    e. Michelle McMillan, 2489 Martinsburg Pke, Lot 46, Stephenson, VA

       22656

    f. Desroches CPA, 2901 S Lynnhaven Rd. St. 400, Virginia Beach, VA

    g. David E. Darnell, 59 Ruland Road, Suite F, Kearneysville, WV 25430

    COUNT ONE HUNDRED AND THIRTY-NINE

238. Defendants have acted with intent to prevent witnesses from communicating information relating to the commission of Constitutional violations, crimes, and tampering with evidence.

239. There was a reasonable likelihood that at least one of the communications targeted by Defendants would have been made to the Stafford County Sheriff, the Chesterfield County Police, U.S. Attorney Stephen Vogrin, Virginia State Police and/or West Virginia State Police in March 2022.

240. The information that would have been communicated related to the commission of West Virginia, Virginia and U.S. crimes alleged by Ms. Guynup.

COUNT ONE HUNDRED AND FORTY

241.   Defendants conspired to violate the Plaintiff's rights to be secure in her person thru the illegal threats and malicious assaults on December 4, 2021, January 8, 2022, February 5, 2022, and March 5, 2022.

242.   Defendants conspired to violate the Plaintiff's rights by not providing written sworn proof of the allegations that Ms. Guynup had been "removed".

243.   Defendant Christian has obstructed justice by failing to charge Defendants.

COUNT ONE HUNDRED AND FORTY-ONE

244.   Defendants knowingly conspired to violate the Plaintiff's rights by <u>making a false report about terminating the Plaintiff's employment</u>.

COUNT ONE HUNDRED AND FORTY-TWO

245.   Defendant Christian has FALSELY and MALICIOUSLY stated to four separate law enforcement officers that Ms. Guynup was "removed."

COUNT ONE HUNDRED AND FORTY-THREE

246.   Defendants have illegally dispossessed the Plaintiff of the Almost Heaven ASC tangible and intangible property.

247.   Defendants conspired to illegally seize the Almost Heaven ASC tangible and intangible property without any due process.

248.   Defendant Christian willingly, knowingly and with common intent

published the false statements about Ms. Guynup in his statements to four

separate law enforcement officers.

249.   Defendant Christian willingly and knowingly has continued to publish the

false statements about Ms. Guynup.

COUNT ONE HUNDRED AND FORTY-FOUR

250.   18 U.S.C. 242 makes it a crime for a person acting under the color of law to

willfully deprive a person of a right or privilege protected by the Constitution or

laws of the United States.

251.   It was the sworn duty of Deputy Christian to uphold the US and West

Virginia Constitutions and thus obtain probable cause, sworn affidavits, arrest

warrants, and search warrants.

252.   The actions of Defendants proximately caused damages to Plaintiff in

embarrassment, humiliation, pain and suffering and mental and emotional

distress.

253.   Defendants acted willfully, knowingly and purposefully and/or with

deliberate indifference to deprive the Plaintiff of her Constitutional Rights. As a

result of the nature of Defendant Christian's conduct, Plaintiff is entitled to

recover punitive damages against Deputy Christian.

254.   Defendants conspired to commit larceny of Almost Heaven ASC and
Central Atlantic RSC property.

255.   Defendants have fabricated evidence against Ms. Guynup on or about March
5, 2022, in Hagerstown, MD, Bunker Hill, WV, and Martinsburg, WV.

256.   Secretary Ron Sauers, aided by Don Vorbach, Sherry Vorbach, Dan Dopson,
Dora Rice, Jenn Dopson have knowingly and intentionally made several false
statements in the Almost Heaven Area minutes for December 2021, January
2022, February 2022, and March 2022.

257.   Sherry Vorbach corruptly persuaded Ron Sauers to delete all incriminating
evidence from the December 2021, January 2022, February 2022, and March
2022 minutes.

258.   Mrs. Vorbach illegally accessed the Zoom channel in December 2021. Mrs.
Vorbach refused to relinquish her illegal possession of Almost Heaven Area
property on December 4, 2021.

259.   Sherry Vorbach corruptly persuaded Ron Sauers to remove her 20-minute
outburst in December 2021 from the minutes. Sherry Vorbach corruptly
persuaded Ron Sauers to make false statements in the December 2021 minutes.

260.   Dora Rice illegally accessed the Zoom channel in February 2022. Dora Rice
corruptly persuaded Ron Sauers to delete Dora Rice's 20-minute outburst from
the minutes in February 2022.  Dora Rice personally attacked Ms. Guynup.

Dora Rice refused to relinquish her illegal possession of Almost Heaven Area property on February 4, 2022. Dora Rice would not yield the floor.

261.   Secretary Ron Sauers falsely states that the Vice-Chair was present for the entire March Area. Ms. Guynup was not present for the first 15 minutes during which Don Vorbach had illegally accessed the Zoom channel. Then for the next thirty minutes, the Vice Chair was unable to perform her duties because Don Vorbach refused to yield the floor. Don Vorbach refused to relinquish his illegal possession of Almost Heaven Area property on March 5, 2022. Then Don Vorbach illegally ejected Ms. Guynup from the meeting.

262.   Ron Sauers falsely states that Don Vorbach was elected Chair pro-tem. As Don Vorbach had illegally accessed the Zoom channel and Don Vorbach refused to allow Ms. Guynup to chair the meeting and Don Vorbach repeatedly muted the Vice-Chair for thirty minutes – then the entire meeting was illegal.

263.   The Defendants conspired to destroy, alter and falsify the December 2021, January 2022, February 2022, and March 2022 minutes in violation of §1519. Destruction, alteration, & falsification of records in Federal investigations with the intent to impede, obstruct, & influence the Deputy Christian's investigation into the federal crimes committed by Mr. & Mrs. Vorbach and Mr. & Mrs. Dopson and Antoinette Baker.

RELIEF SOUGHT

Plaintiff incorporates the preceding paragraphs by reference herein.

Actual and compensatory damages sufficient to make her whole.

The Plaintiff has been unable to register Almost Heaven ASC as a business because of Defendants' criminal actions.

The Plaintiff has been unable to apply for 501c3 designation for Almost Heaven ASC because of Defendants' criminal actions.

Plaintiff seeks punitive damages because of such gross violations of Ms. Guynup's rights.

Punitive damages because Deputy Christian functioned as an accomplice to Defendants' crimes.

Punitive damages because Deputy Christian continues to make defamatory statements in public based on an unverified verbal statement.

Damages for $350,000 or the maximum allowed by law against Defendants to punish them and to deter further wrongdoing.

Litigation expenses, costs, pre- and post-judgment interest as provided by law.

Respectfully submitted,
Traci Guynup, Pro Se
301 Josephine St, #5
Berryville, VA 22611
540 408-6788