**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**TRACI GUYNUP,**

                    Plaintiff,

**v.**                                                        **CIVIL ACTION NO. 3:22-cv-68
                                                       (GROH)**

**LT. BILL CHRISTIAN,
DON VORBACH,
SHERRY VORBACH,
DAN DOPSON,
JENN DOPSON,
DAVID WASHINGTON,
ANTOINETTE BAKER,
MICHAEL ROGERS,
CHIEF DEPUTY C. SHAWN KIMMITZ,
SPECIAL AGENT ERIC DEEL,
CPL ZACHARY NINE,**

                    Defendants.

## REPORT AND RECOMMENDATION

## I.      INTRODUCTION

        Pending before the Court is pro se Plaintiff Traci Guynup's Motion [ECF No. 2] for Leave to Proceed In Forma Pauperis.[1] Because Plaintiff seeks to proceed *in forma pauperis*, the undersigned must conduct a preliminary review to determine whether Plaintiff's Amended Complaint [ECF No. 9] sets forth any viable claims. See 28 U.S.C. § 1915(e)(2)(B). Because the undersigned concludes that Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted, the undersigned recommends

---

[1] This Motion was referred to the undersigned by order on April 12, 2022. ECF No. 4.

that Plaintiff's Amended Complaint be DISMISSED, without prejudice, and Plaintiff's Motion to Proceed In Forma Pauperis be DENIED as moot.

## II.     THE COMPLAINT

On April 11, 2022, pro se Plaintiff filed a twenty-two-page Complaint against Lt. Bill Christian, Don Vorbach, Sherry Vorbach, Dan Dopson, and Jenn Dopson. ECF No. 1. On April 18, 2022, Plaintiff filed a fifty-two-page Amended Complaint adding six additional Defendants to the lawsuit: David Washington, Antoinette Baker, Michael Rogers, Chief Deputy C. Shawn Kimmitz, Special Agent Eric Deel, and Cpl Zachary Nine. ECF No. 9.

This case is about Plaintiff's grievances with an organization called "Almost Heaven ASC," and the individuals who run it.[2] According to Plaintiff, she was removed from Almost Heaven ASC meetings and from her position as "Vice-Chair." Plaintiff claims that the group zoom meetings were moved to an in-person setting "for the purpose of excluding [Plaintiff] and other people with disabilities." Plaintiff has accused the named Defendants of various state and federal crimes associated with the operation of Almost Heaven ASC. Plaintiff sought to pursue criminal charges against some of the named Defendants, but the Defendant law enforcement officers and their respective agencies ultimately did not pursue her claims.

Defendant Bill Christian is a law enforcement officer for the Berkeley County Sheriff's Department. From what the undersigned can construe, Plaintiff was unhappy

---

[2] According to the Amended Complaint, it appears Defendant Don Vorbach is the Chair of Almost Heaven ASC, and it appears as if Defendants Sherry Vorbach, Dan Dopson, and David Washington are part of the Almost Heaven Executive Committee. Either Jenn Dopson or Sherry Vorbach is the Treasurer of Almost Heaven. Antoinette Baker is the Chair of Central Atlantic RSC, another entity named in the Amended Complaint.

with the effort or results of an investigation (or lack thereof) allegedly conducted by Defendant Christian into the Vorbachs, Dopsons, Antoinette Baker, and Almost Heaven ASC. She was also unhappy that Defendant Christian did not believe her allegations of criminal conduct as he thought she was delusional and not credible. Plaintiff then reported these criminal allegations to four law enforcement agencies: the Chesterfield County Police Department (Defendant Michael Rogers), the Stafford County Sheriff's Department (Defendant Shawn Kimmitz), the Virginia State Police Department (Defendant Eric Deel), and the West Virginia State Police Department (Defendant Zachary Nine). As mentioned above, none of these law enforcement officers or agencies investigated her claims. Plaintiff also claims that "Defendant Deel stated an obscure 'state police policy' that allegedly forbids [him] from investigating crimes committed within Virginia that are committed by Virginians."

Plaintiff alleges that Defendant Christian willfully deprived Plaintiff of rights protected by the Constitution and laws of the United States and that he conspired with Defendants Rogers, Kimmitz, Deel, and Nine to do the same. Specifically, Plaintiff asserts violations of the Fourteenth Amendment Equal Protection and Due Process Clauses, the Fourth Amendment Search and Seizure Clause, the Sixth Amendment Confrontation Clause, the Sixth Amendment right to know the nature of the charge, the Sixth Amendment right to subpoena favorable witnesses to testify, and the "Sixth Amendment right to discovery." Defendant Christian also allegedly made false and defamatory statements about Plaintiff's "disability," and violated her rights "with discriminatory intent." Defendant Christian and Defendant Deel allegedly treated Plaintiff "differently" because she has a "disability."

3

Plaintiff asserts that this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343. Plaintiff claims Defendants have violated thirteen different federal criminal statutes.[3] She also cites five sections of the Internal Revenue Code.[4] Additionally, Plaintiff seeks relief for alleged civil rights violations brought under 42 U.S.C. § 1983, 42 U.S.C. § 12132, and 42 U.S.C. § 12182. Plaintiff requests actual, compensatory, and punitive damages in the amount of $350,000.

### III.   <u>LEGAL STANDARD</u>

When filing a lawsuit in federal court, the plaintiff is required to pay certain filing fees. The court has the authority to allow a case to proceed without the prepayment of fees "by a person who affirms by affidavit that he or she is unable to pay costs . . . ." L.R. Gen. P. 3.01. The plaintiff files this affidavit along with the request or motion for leave to proceed *in forma pauperis*. <u>Id.</u> The Supreme Court of the United States has explained that the purpose of the "federal *in forma pauperis* statute . . . is designed to ensure that indigent litigants have meaningful access to the federal courts." <u>Neitzke v. Williams</u>, 490 U.S. 319, 324 (1989).

When a plaintiff seeks to proceed *in forma pauperis*, the court conducts a preliminary review of the lawsuit before allowing the case to proceed. <u>See</u> 28 U.S.C. § 1915(e). This includes cases filed by non-prisoners. <u>See</u> <u>Michau v. Charleston Cnty., S.C.</u>, 434 F.3d 725, 727 (4th Cir. 2006) (holding that the district court did not abuse its discretion when it dismissed the non-prisoner complaints under 28 U.S.C. § 1915(e)(2)(B)). The court must dismiss a case at any time if the court determines that

---

[3] Plaintiff cites the following criminal code sections: 18 U.S.C. § 2; 18 U.S.C. § 241; 18 U.S.C. § 242; 18 U.S.C. § 371; 18 U.S.C. § 1341; 18 U.S.C. § 1343; 18 U.S.C. § 1344; 18 U.S.C. § 1346; 18 U.S.C. § 1956; 18 U.S.C. § 1957; 18 U.S.C. § 1961; 18 U.S.C. § 1962; 26 U.S.C. § 7201.
[4] <u>See</u> 26 U.S.C. § 11; 26 U.S.C. § 502; 26 U.S.C. § 3111; 26 U.S.C. § 3403; 26 U.S.C. § 6011.

the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). A case is often dismissed *sua sponte* before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." Id. at 324. Furthermore, if a "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004) (stating that "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court").

When reviewing pro se complaints, the Court must construe them liberally. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). Courts must read pro se allegations in a liberal fashion and hold those pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, "the requirement of liberal construction does not mean that the court can ignore a clear failure . . . to allege facts which set forth a claim currently cognizable" in federal court. Gamache v. F.B.I., 2011 WL 4966281, at *1 (D.S.C. Apr. 19, 2011).

As stated above, 28 U.S.C. § 1915(e)(2)(B)(ii) permits the court to dismiss a complaint that "fails to state a claim on which relief may be granted." To state a claim upon which relief can be granted, the Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v.

Gibson, 355 U.S. 41, 47 (1957)). Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain enough facts to state a claim for relief that is "plausible" on its face, rather than merely "conceivable." Id. at 570. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002)).

## IV.    DISCUSSION

### A.    Jurisdiction

The only cognizable federal private causes of action cited in the Amended Complaint are alleged civil rights violations brought under 42 U.S.C. § 1983, 42 U.S.C. § 12132, and 42 U.S.C. § 12182, all of which vest the Court with original jurisdiction under both 28 U.S.C. § 1331 ("Federal Question") and 28 U.S.C. § 1343.[5] Plaintiff also cites to the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962, "which authorizes both criminal prosecutions and private civil actions in certain circumstances where an individual or entity engages in a pattern of specified criminal conduct." See Bardes v. Massachusetts Mut. Life Ins. Co., 2011 WL 1790816, at *4 (M.D.N.C. May 10, 2011). This Court has jurisdiction over Plaintiff's RICO claims

---

[5] 28 U.S.C. § 1343 grants district courts original jurisdiction over federal civil rights claims including constitutional violations arising under 28 U.S.C. § 1983 and violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12132 and 12182.

pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 1964(c).[6] As such, the undersigned will evaluate the § 1983, ADA, and RICO causes of action in Section C below to determine if Plaintiff has plausibly stated a claim upon which relief can be granted. However, Plaintiff has cited several federal criminal statutes and sections of the Internal Revenue Code that do not allow for a private right of action and thus should be dismissed from the Amended Complaint.

## B.      Federal Criminal Statutes and Internal Revenue Code

First, Plaintiff claims Defendants have violated the following federal criminal laws: 18 U.S.C. § 2; 18 U.S.C. § 241; 18 U.S.C. § 242; 18 U.S.C. § 371; 18 U.S.C. § 1341; 18 U.S.C. § 1343; 18 U.S.C. § 1344; 18 U.S.C. § 1346; 18 U.S.C. § 1956; 18 U.S.C. § 1957; 18 U.S.C. § 1961; 18 U.S.C. § 1962; and 26 U.S.C. § 7201. These federal criminal statutes cited by Plaintiff, with the exception of 18 U.S.C. § 1962, do not provide for a private civil right of action.

The fact that "a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." Cannon v. Univ. of Chi., 441 U.S. 677, 688 (1979). Federal private rights of action, like substantive federal law, "must be created by Congress." Alexander v. Sandoval, 532 U.S. 275, 286 (2001). "To create a private right of action, Congress must 'speak with a clear voice' and the statute must 'unambiguously' express the intent 'to create not just a private right but also a private remedy." Clear Sky Car Wash LLC v. City of Chesapeake, 743 F.3d 438, 444 (4th Cir. 2014) (internal citation omitted). Where

---

[6] 18 U.S.C. § 1964(c) states, "Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee."

"Congress is silent or ambiguous, courts may not find a cause of action." <u>Planned Parenthood S. Atlantic v. Baker</u>, 941 F.3d 687, 695 (4th Cir. 2019). This holds true for federal criminal statutes. <u>See</u> <u>Fed Sav. & Loan Ins. Co. v. Reeves</u>, 816 F.2d 130, 138 (4th Cir. 1987); <u>accord</u> <u>Tam Anh Pahm v. Deutsche Bank Nat. Trust Co.</u>, 583 F. App'x 216, 217 (4th Cir. 2014).

The criminal statutes cited by Plaintiff do not provide her with either a private right or remedy. To the contrary, these provisions are "bare criminal statute[s], with absolutely no indication that civil enforcement of any kind [i]s available to anyone." <u>Cort v. Ash</u>, 422 U.S. 66, 80 (1975). Many courts have reached this conclusion about the criminal statutes cited in this case. <u>See</u> <u>Tribble v. Reedy</u>, 888 F.2d 1337 (table), 1989 WL 126783, at *1 (4th Cir. Oct. 20, 1989) (unpublished) (affirming dismissal of suit alleging violations of 18 U.S.C. §§ 241, 1341 and 1343, because each of those statutes constitutes a "bare criminal statute which gives no express indication of Congressional intent to create a civil remedy"); <u>Hilgeford v. National Union Fire Ins. Co. of Pittsburgh, Pa.</u>, 2009 WL 302161, at *4 (E.D. Va. Feb. 6, 2009) (holding that 18 U.S.C. § 1344 does not provide Plaintiff a stand-alone civil cause of action as it is a criminal statute); <u>Peterman v. Causey</u>, 2013 WL 878308, at *2 (W.D.N.C. Mar. 8, 2013) (holding that 18 U.S.C. §§ 2 and 242 do not create private rights of action); <u>Bey ex rel Graves v. Richmond Redevelopment & Hous. Auth.</u>, 2013 WL 4066945, at *5 (E.D. Va. Aug. 9, 2013) (holding that 18 U.S.C. § 371 does not create a private civil cause of action); <u>Smith v. Spears</u>, 2018 WL 4523201, at *4 (D.S.C. Feb. 8, 2018) (noting that 18 U.S.C. § 1346 does not provide a private cause of action); <u>Kitz v. Kitz</u>, 2022 WL 523452, at *2 (E.D. Pa. Feb. 18, 2022) (holding that 18 U.S.C. §§ 1956 and 1957 do not provide

private rights of action); <u>McRae v. Norton</u>, 2012 WL 1268295, at *4 (E.D.N.Y. Apr. 13, 2012) (holding that no private right of action exists under 26 U.S.C. § 7201). Thus, Plaintiff may not assert private rights of action based on alleged violations of these criminal statutes and any such claims should be dismissed.

Second, Plaintiff cites the following federal tax codes: 26 U.S.C. § 11; 26 U.S.C. § 502; 26 U.S.C. § 3111; 26 U.S.C. § 3403; and 26 U.S.C. § 6011. These cited provisions of the Internal Revenue Code do not provide a private basis for relief.

"Federal courts have consistently refused to imply a private cause of action under the tax laws." <u>Seabury v. City of N.Y.</u>, 2006 WL 1367396, at *5 (E.D.N.Y. May 18, 2006); <u>see also Perlman v. Fidelity Brokerage Services, LLC</u>, 932 F.Supp.2d 397, 413 (E.D.N.Y.2013) ("To the extent plaintiff attempts to bring a claim under the [Internal Revenue Code], that claim must fail, as plaintiff has no private right of action under the [Code]."). "Private citizens cannot enforce the provisions of the Tax Code." <u>Seabury</u>, 2006 WL 1367396, at *5. Instead, "that is the duty of the Secretary of the Treasury and the Commissioner of the Internal Revenue Service, who are charged with the responsibility of administering and enforcing the Tax Code, including allegations of suspected fraud." <u>Id.</u>

Plaintiff has failed to state a private cause of action under 26 U.S.C. § 11; 26 U.S.C. § 502; 26 U.S.C. § 3111; 26 U.S.C. § 3403; and 26 U.S.C. § 6011. As such, any claims relying on these provisions should be dismissed.

### C.    Failure to State a Claim

Plaintiff's Amended Complaint characteristically fails to include sufficient facts to state any plausible claim against any Defendant. The complaint must contain enough

facts to state a claim for relief that is "plausible" on its face, rather than merely "conceivable." Twombly, 550 U.S. at 570. In order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of her claim." Bass, 324 F.3d at 765 (citing Dickson, 309 F.3d at 213).

### 1.  Section 1983 Claims

First, Plaintiff has failed to state a § 1983 claim against any Defendant. In order to state a claim under 42 U.S.C. § 1983, the plaintiff must demonstrate that (1) a person (2) acting under color of state law (3) deprived her of rights guaranteed by the Constitution or federal law. Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 658 (4th Cir. 1998). To plead a civil conspiracy under § 1983, Plaintiff must show that (1) Defendants acted jointly in concert, (2) to commit some overt act in furtherance of the conspiracy, which (3) resulted in the deprivation of Plaintiff's constitutional rights. See Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996). To be sued under § 1983, a defendant "must either be a state actor or have a sufficiently close relationship with state actors that a court would conclude that [it] is engaged in the state's actions." Cox v. Duke Energy Inc., 876 F.3d 625, 632 (4th Cir. 2017) (internal quotations omitted).

### a.  Claims Against Non-State Actors

Defendants Don Vorbach, Sherry Vorbach, Dan Dopson, Jennifer Dopson, David Washington, and Antoinette Baker are private citizens, not state actors. Accordingly, any § 1983 claims Plaintiff may have sought to assert against them should be dismissed as they are improper defendants.

### b. Claims Against State Actors

Plaintiff has failed to state a plausible § 1983 claim against any of the Defendant state actors: Lt. Bill Christian, Michael Rogers, Chief Deputy C. Shawn Kimmitz, Special Agent Eric Deel, and Cpl Zachary Nine. Plaintiff alleges general constitutional violations perpetrated by the "Defendants." Specifically, Plaintiff seems to allege violations of the Fourteenth Amendment Equal Protection Clause, the Fourteenth Amendment Due Process Clause, the Fourth Amendment (unlawful seizure of property), the Sixth Amendment Confrontation Clause, the Sixth Amendment right to know the nature of the charge, the Sixth Amendment right to subpoena favorable witnesses to testify, and the "Sixth Amendment right to discovery." However, Plaintiff fails to describe which Defendants were responsible for each of the respective violations. Furthermore, the Amended Complaint provides only labels and conclusions bereft of any factual allegations supporting a reasonable inference that any Defendant is liable for the conduct alleged. See Twombly, 550 U.S. at 555.

### i. No Constitutional Right to an Investigation

Although Plaintiff's Amended Complaint is not the epitome of clarity, it appears Plaintiff was unhappy with the effort or results of an investigation (or lack thereof) allegedly conducted by Defendant Christian into the Vorbachs, Dopsons, Antoinette Baker, and Almost Heaven ASC. Plaintiff then reported these criminal allegations to four law enforcement agencies: the Chesterfield County Police Department (Defendant Rogers), the Stafford County Sheriff's Department (Defendant Kimmitz), the Virginia State Police Department (Defendant Deel), and the West Virginia State Police Department (Defendant Nine). However, none of these law enforcement officers or

agencies allegedly investigated her claims. Plaintiff also alleges that "Defendant Deel stated an obscure 'state police policy' that allegedly forbids [him] from investigating crimes committed within Virginia that are committed by Virginians."

The case law is clear that there is "no statutory or constitutional right to have a government agency investigate a citizen's claims." Martinez v. Cnty. of Suffolk, 999 F. Supp. 2d 424, 430 (E.D.N.Y. 2014); see also Stone v. Dep't of Investigation of N.Y., 1992 WL 25202, at *2 (S.D.N.Y. Feb. 4, 1992) ("There is ... no constitutional right to an investigation by government officials."). Thus, to the extent Plaintiff's § 1983 claims rely on the Defendants refusal to investigate her criminal allegations concerning the Vorbachs, Dopsons, Antoinette Baker, and Almost Heaven ASC, Plaintiff has not shown that she was deprived of rights guaranteed by the Constitution.

### ii.    Sixth Amendment Claims

None of the alleged "Sixth Amendment rights" apply to Plaintiff's § 1983 case. The Sixth Amendment guarantees the rights of criminal defendants. U.S. Const. Am. VI. Also, "there is no general constitutional right to discovery in a criminal case." Weatherford v. Bursey, 429 U.S. 545, 559 (1977). Because Plaintiff does not allege that she was subject to criminal prosecution, a claim under the Sixth Amendment has not been plead. Any § 1983 claim relying on the deprivation of a Sixth Amendment right should be dismissed.

### iii.    Fourth Amendment Claim

Next, the undersigned will address Plaintiff's allegation regarding a potential violation of the Fourth Amendment. A seizure of property by a government official occurs whenever "there is some meaningful interference with an individual's possessory

12

interests in that property." Presley v. City of Charlottesville, 464 F.3d 480, 487 (4th Cir. 2006). Plaintiff states in her Amended Complaint that the "Defendants seized Almost Heaven Area Property which did not belong to them on March 5, 2022." Plaintiff also alleges that "Defendants have illegally dispossessed the Plaintiff of the Almost Heaven ASC tangible and intangible property" and "conspired to illegally seize it." The Amended Complaint neither identifies which state actor defendant(s) allegedly seized the property nor adequately describes the property seized.[7] Furthermore, it is unclear from the Amended Complaint what property interest Plaintiff actually held in Almost Heaven ASC. Lastly, facts surrounding the context of the alleged seizure are lacking, making it difficult, if not impossible, to determine whether the seizure was unlawful. Simply put, Plaintiff has failed to include sufficient facts to plausibly support a claim that her Fourth Amendment rights were violated.

A pleading that vaguely attributes discrete actions to "Defendants" rather than to a specific party "deprives [the defendants] and the court of the opportunity of determining whether there are sufficient facts to make a claim against each Defendant plausible." Luna-Reyes v. RFI Const., LLC, 57 F. Supp. 3d 495, 503 (M.D.N.C. 2014). This is particularly a problem in the Fourth Amendment context, where a claim is generally evaluated on the basis of reasonableness of the particular defendant's conduct. McClain v. Causey, 2021 WL 111496, at *6 (M.D.N.C. Jan. 12, 2021). Liberally construing Plaintiff's allegations, the undersigned cannot find that the Amended Complaint plausibly states a Fourth Amendment claim against any Defendant.

---

[7] Other facts in the Amended Complaint suggest Plaintiff may be describing the non-state actor Defendants who allegedly removed Plaintiff from a zoom meeting on March 5, 2022, and improperly elected themselves to Almost Heaven leadership positions. If that is the case, any § 1983 claims against the non-state actor Defendants should be dismissed as previously discussed.

iv.    Fourteenth Amendment Claims

Finally, Plaintiff alleges violations of the Fourteenth Amendment Equal Protection

Clause and Due Process Clause. To state a claim for a violation of the Equal Protection

Clause, a plaintiff must allege facts which plausibly show that the state actor defendants

treated the plaintiff differently from others with whom she was similarly situated and that

the unequal treatment was the result of intentional or purposeful discrimination.

Fauconier v. Clarke, 966 F.3d 265, 277 (4th Cir. 2020). "While individuals with

disabilities do not constitute a protected class under the Equal Protection Clause, that

clause nevertheless prohibits states from arbitrarily discriminating against those with

disabilities." Ballard v. Mullins, 2016 WL 9448107, at *4 (E.D.N.C. Sept. 26, 2016)

(citing City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985)).

The only applicable allegations tied to state action are those against Defendant

Christian of the Berkeley County Sheriff's Department and Defendant Deel of the

Virginia State Police. Plaintiff claims that Defendant Deel treated her differently because

he would not have required someone "without a disability to obtain an obscure Virginia

State Police policy." Defendant Christian also allegedly treated Plaintiff "differently"

because she has a "disability" and violated her rights "with discriminatory intent." While

Plaintiff alleges that Defendant Christian did not believe her allegations of criminal

conduct because he thought she was delusional and not credible, that does not

demonstrate that Defendant Christian treated her differently from any other similarly

situated individual during his investigation simply because she had an alleged disability.

The same goes for Defendant Deel. Assuming Defendant Deel directed Plaintiff to a

state police policy that hindered his ability to investigate, it does not follow that he did so

14

with discriminatory intent solely because Plaintiff had an alleged disability. Absent any specific factual allegations that Defendant Christian or Defendant Deel was motivated by discriminatory animus towards individuals with disabilities, Plaintiff's Amended Complaint fails to give rise to a plausible equal protection claim and should be dismissed. See Evans v. Griess, 2013 WL 5817239, at *8 (E.D.N.C. Oct. 23, 2013) (recommending dismissal of a plaintiff's equal protection claims where the plaintiff's allegations were comprised almost entirely of conclusory allegations unsupported by concrete facts and the plaintiff failed to articulate how the treatment of him was different from others).

As to Plaintiff's due process claim, all Plaintiff has stated is the legal conclusion that Defendants conspired to deprive Plaintiff of her Fourteenth Amendment rights to life, liberty, or property, without due process of law. To state a substantive due process claim, a plaintiff must allege: (1) that she has been deprived of "interests encompassed by the Fourteenth Amendment's protection of liberty and property," Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972); and (2) that the deprivation was by some form of state action, Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50 (1999). Further, a plaintiff must also show that the state's action is so arbitrary and egregious that it "shocks the conscience." Cnty. of Sacramento v. Lewis, 523 U.S. 833, 846 (1998).

After reviewing the Amended Complaint, the undersigned cannot find any facts to plausibly support a due process violation. At most, Plaintiff implies that Defendant Christian defamed her and allegedly shared information with the other law enforcement Defendants that may have contributed to their decisions to not pursue Plaintiff's criminal allegations. However, as previously stated, there is no constitutional right to a law

enforcement investigation. <u>Martinez</u>, 999 F. Supp. 2d at 430. Likewise, "there is no right to relief under § 1983 or the Fourteenth Amendment for a claim of defamation against a state actor." <u>James v. Lancaster Sheriff's Dep't</u>, 2013 WL 3938962, at *3 (D.S.C. July 30, 2013). "Harm to a person's reputation does not deprive [her] of any 'liberty' or 'property' interests protected by the Due Process Clause." <u>Id.</u> In sum, Plaintiff has not been deprived of an interest recognized by the Fourteenth Amendment. Moreover, to the extent Plaintiff's allegations implicate state action, the undersigned does not find that such action was so arbitrary and egregious that it "shocks the conscience."

Because Plaintiff has failed to state a claim upon which relief can be granted, her § 1983 claims should be DISMISSED without prejudice against all Defendants. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii).

## 2. ADA Claims

Plaintiff cites two sections of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12132, 12182. Pursuant to Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by any such entity." 42 U.S.C. § 12132. Title III of the ADA provides, in relevant part, "no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182. To establish a violation of the ADA, "a plaintiff must show (1) that he has a disability; (2) that he is otherwise qualified for the benefit in question; and (3) that he was excluded from the benefit due to discrimination solely on the basis of the disability."

Baird ex rel. Baird v. Rose, 192 F.3d 462, 467 (4th Cir. 1999) (applying Title II of the ADA); Halpern v. Wake Forest Univ. Health Scis., 669 F.3d 454, 461 (4th Cir. 2012) (applying Title III of the ADA).

Plaintiff alleges three instances of disability discrimination in the Amended Complaint. Plaintiff claims that the Almost Heaven zoom meetings were moved to an in-person setting "for the purpose of excluding [Plaintiff] and other people with disabilities." Plaintiff also alleges that Defendant Christian allegedly treated Plaintiff "differently" because she has a "disability" and violated her rights "with discriminatory intent." Lastly, Plaintiff claims that Defendant Deel treated her differently because he would not have required someone "without a disability to obtain an obscure Virginia State Police policy." While Plaintiff purports to have a "disability," she does not allege what that disability is and thus cannot demonstrate that she meets the first element. Plaintiff also fails to allege facts that she "qualified for the benefit in question." Lastly, Plaintiff merely recites the legal conclusion that she was discriminated against because of her disability without alleging facts supporting the existence of discriminatory intent. In sum, Plaintiff has failed to plausibly state a claim under the ADA and any such claim should be DISMISSED without prejudice against all Defendants. See 28 U.S.C. § 1915(e)(2)(B)(ii).

### 3. RICO Claims

Plaintiff also cites to 18 U.S.C. §§ 1961 and 1962. Said provisions fall within the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961–1968, which authorizes private civil actions in certain circumstances where an individual or entity engages in a pattern of specified criminal conduct. Bardes, 2011 WL 1790816, at *4. Specifically, the RICO Act allows "any person injured in his business or property

by reason of a violation of section 1962 of this chapter [to] sue . . . and . . . recover . . . damages." 18 U.S.C. § 1964(c).

"The civil RICO statutes set forth a sophisticated standard of liability which requires particular and detailed pleadings." Merritt v. Cochran-Youell, 2007 WL 9747309, at *14 (S.D.W. Va. Sept. 27, 2007). "To assert a civil RICO claim, a plaintiff must allege the existence of seven constituent elements: (1) that the defendant (2) through the commission of two or more acts (3) constituting a pattern[8] (4) of racketeering activity[9] (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an enterprise[10] (7) the activities of which affect interstate or foreign commerce." Woermer v. Hirsh, 2018 WL 7572237, at *5 (D. Conn. Dec. 11, 2018) (internal citations omitted). "A plaintiff must also allege that [s]he was injured in [her] business or property by reason of a violation of section 1962." Id. (internal citation omitted). "The right to sue under the RICO treble damages provision requires a showing that the defendant's violation was a 'proximate cause' of the Plaintiff's alleged injury." Merritt, 2007 WL 9747309, at *15 (S.D.W. Va. Sept. 27, 2007) (citing Holmes v. Securities Investor Protection Corp., 503 U.S. 258, 268 (1992)). "Proximate cause requires a direct relation between the conduct alleged and the injury asserted." Id.

---

[8] A "pattern of racketeering activity" requires at least two acts of racketeering activity. 18 U.S.C. § 1961(5). "The predicate acts must be related and must amount to or pose a threat of continued criminal activity." Palmetto State Medical Center, Inc. v. Operation Lifeline, 117 F.3d 142, 148 (4th Cir. 1997).

[9] RICO defines "racketeering activity" as "any act 'indictable' under numerous specific federal criminal provisions" including: 18 U.S.C. § 1341 (relating to mail fraud), 18 U.S.C. § 1343 (relating to wire fraud), 18 U.S.C. § 1344 (relating to bank fraud), 18 U.S.C. § 1956 (relating to the laundering of monetary instruments, and 18 U.S.C. § 1957 (relating to engaging in monetary transactions in property derived from specified unlawful activity). 18 U.S.C. § 1961(1)(B).

[10] An enterprise is defined as "an ongoing organization, formal or informal, in which the various associates function as a continuing unit." Palmetto State Medical Center, Inc., 117 F.3d at 148.

Plaintiff alleges that because of Defendants "criminal actions," Plaintiff has been "unable to register Almost Heaven ASC as a business" and "has been unable to apply for a 501c3 designation for Almost Heaven ASC." Plaintiff also claims "Defendants" have not paid her for her work from December 4, 2021 through March 5, 2022 and "conspired to commit wage theft" in the amount of $30,000. Even liberally construing these allegations as a legitimate injury to Plaintiff's "business or property," the undersigned finds a lack of proximate cause between this injury and an alleged violation of § 1962. Furthermore, it is unclear in the Amended Complaint what business or property interest Plaintiff actually held in Almost Heaven ASC to begin with or what work she completed that entitled her to paid wages. Lastly, Plaintiff fails to allege facts that support the many other requisite elements of a civil RICO claim. For instance, Plaintiff's Amended Complaint only vaguely identifies the racketeering activity in which "Defendants" allegedly engaged in by generally citing to various federal criminal statutes without factual support.[11] Moreover, Plaintiff does not specifically identify what she considers to be the "pattern of racketeering activity" engaged in by each defendant, as required. See Merritt, 2007 WL 9747309, at *16. Accordingly, the undersigned recommends that Plaintiff's RICO claims be dismissed, without prejudice, against all Defendants for failure to state a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[11] Plaintiff generally alleges that "Defendants" violated the following statutes which fall under the definition of "racketeering activity": 18 U.S.C. § 1341 (relating to mail fraud), 18 U.S.C. § 1343 (relating to wire fraud), 18 U.S.C. § 1344 (relating to bank fraud), 18 U.S.C. § 1956 (relating to the laundering of monetary instruments, and 18 U.S.C. § 1957 (relating to engaging in monetary transactions in property derived from specified unlawful activity). Plaintiff does not specify which Defendants violated each statute nor does she specify the factual circumstances of each violation.

### 4. State Law Claims

Finally, to the extent Plaintiff attempts to assert any state-based causes of action either through state common law or by state statute, the Court lacks § 1332 diversity jurisdiction over these claims. The Court has diversity jurisdiction under 28 U.S.C. § 1332(a) so long as no defendant is a citizen of the same state as the plaintiff and the amount in controversy exceeds $75,000. Plaintiff is a citizen of Virginia. See ECF No. 9 at 1, 4. Based on the listed addresses of the Defendants, Plaintiff appears to have brought suit against four other Virginia citizens: Antoinette Baker,[12] Michael Rogers, C. Shawn Kimmitz, and Eric Deel. See ECF No. 9 at 1-2. Because the Court lacks complete diversity of citizenship between the parties, it is divested of § 1332 jurisdiction over Plaintiff's state law claims. Thus, Plaintiff's federal § 1983, ADA, and RICO claims are the sole source of this Court's original jurisdiction under 28 U.S.C. §§ 1331 and 1343 and 18 U.S.C. § 1964. As the undersigned has recommended the dismissal of Plaintiff's § 1983, ADA, and RICO claims against all Defendants, the undersigned will also recommend that the Court, in its discretion, decline to exercise supplemental jurisdiction over any of Plaintiff's alleged state law claims. See 28 U.S.C. § 1367(c)(3).

## V.    RECOMMENDATION

For the foregoing reasons, the undersigned finds that Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted. Accordingly, the undersigned **RECOMMENDS** that Plaintiff's Amended Complaint [ECF No. 9] be **DISMISSED WITHOUT PREJUDICE** and Plaintiff's Motion [ECF No. 2] for Leave to Proceed In Forma Pauperis be **DENIED AS MOOT**.

---

[12] Plaintiff also labels Antoinette Baker as a Virginia citizen. See ECF No. 9 at 42.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection**. A copy of such objections should also be submitted to the Honorable GINA M. GROH, United States District Judge. **Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals**. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845–48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to mail a copy of this Report and Recommendation to the pro se Plaintiff by certified mail, return receipt requested, to her last known address as reflected on the docket sheet and to counsel of record, if any, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

DATED: May 25, 2022

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE