IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**TRACI GUYNUP,**

       Plaintiff,

v.                                          **CIVIL ACTION NO.: 3:22-CV-68 (GROH)**

**LT. BILL CHRISTIAN,**
**DON VORBACH,**
**SHERRY VORBACH,**
**DAN DOPSON,**
**JENN DOPSON,**
**DAVID WASHINGTON,**
**ANTOINETTE BAKER,**
**MICHAEL ROGERS,**
**CHIEF DEPUTY C. SHAWN KIMMITZ,**
**SPECIAL AGENT ERIC DEEL,**
**CPL ZACHARY NINE,**

       Defendants.

## ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Now before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble. ECF No. 14. In his R&R, Magistrate Judge Trumble recommends (1) the Plaintiff's Amended Complaint [ECF No. 9] be dismissed without prejudice and (2) the Plaintiff's Motion for Leave to Proceed in Forma Pauperis [ECF No. 2] be denied as moot. ECF No. 14 at 20. The Plaintiff timely filed objections to the R&R. ECF No. 16. Accordingly, this matter is ripe for adjudication.

### I. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made.

However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985).

"When a party does make objections, but the[] objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, *de novo* review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. N.Y. State Div. of Parole, 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Objections must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." Osmon v. United States, 66 F.4th 144, 146 (4th Cir. 2023) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)). While "[d]istrict courts are not expected to relitigate entire cases to determine the basis of a litigant's objections[,] . . . [i]f the grounds for objection are clear, district court judges must consider them *de novo*, or else run afoul of both § 636(b)(1) and Article III [of the U.S. Constitution]." Elijah v. Dunbar, 66 F.4th 454, 460 (4th Cir. 2023).

2

Finally, the Fourth Circuit has long held, "[a]bsent objection, [no] explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

## II.  DISCUSSION

First, the Court finds Magistrate Judge Trumble accurately and succinctly summarizes the background of this case in his R&R. ECF No. 14 at 2–3. In the interest of brevity, the Court incorporates that summary herein.

The R&R interprets the Amended Complaint as raising three overarching causes of action: (1) civil rights claims brought under 42 U.S.C. § 1983; (2) violations of the Americans with Disabilities Act ("ADA") brought under 42 U.S.C. §§ 12132, 12182; and (3) a civil claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). ECF No. 14 at 6–7.[1] Upon considering each cause of action, the R&R recommends the Amended Complaint be dismissed without prejudice because it fails to state a claim upon relief can be granted. Id. at 20; see also 28 U.S.C. § 1915(e)(2)(B)(ii); Michau v. Charleston Cnty., 434 F.3d 725, 728 (4th Cir. 2006).

In her objections, the Plaintiff largely reasserts her arguments as previously presented. See generally ECF No. 16. However, "objections need not be novel to be sufficiently specific." Dunbar, 66 F.4th at 460 (citing Martin v. Duffy, 858 F.3d 239, 245–46 (4th Cir. 2017)). Accordingly, the Court reviews *de novo* the R&R's conclusions in turn.

---

[1] The R&R also points out the Amended Complaint lists various federal criminal and tax statutes and recommends dismissal of any cause of action attempting to enforce those statutes because no such private cause of action exists. ECF No. 14 at 7–8. In the Plaintiff's objections, however, she writes: "The criminal statutes listed in the COMPLAINT were NOT stated as a cause of action. This is a **CIVIL** complaint. [The Plaintiff] complained . . . Defendants . . . were violating the state criminal statutes AND the federal tax codes." ECF No. 16 at 7. The Court interprets the Plaintiff as ceding that she does not assert or otherwise raise any cause of action attempting to privately enforce federal criminal and/or tax statutes.

3

### A. The R&R correctly concludes the Plaintiff fails to state a § 1983 claim.

The R&R finds the Plaintiff fails to state a claim under § 1983. For Defendants Don Vorback, Sherry Vorbach, Dan Dopson, Jennifer Dopson, Davis Washington, and Antoinette Baker, the R&R reasons any § 1983 claim against them must fail because they are private citizens, not state actors.[2] Id. at 10. Regarding the other Defendants, the R&R interprets the Amended Complaint to generally assert violations of the Fourth, Sixth, and Fourteenth Amendments, all seemingly based on multiple state law enforcement agencies declining to investigate the Plaintiff's reports of criminal activity. Id. at 11. The R&R concludes these assertions fail to state a claim under § 1983 because there is no constitutional right to a criminal investigation and the Plaintiff fails to allege sufficient facts to otherwise demonstrate a violation of the Fourth, Sixth, and Fourteenth Amendments. See id. at 11–16.

The Plaintiff objects, arguing she "did not claim a constitutional right to an investigation." ECF No. 16 at 15. Rather, she avers "[t]he present case is about the law enforcement officers in the United States of America that FAIL to intervene." Id. In the Plaintiff's view, she "is a victim of the abuse of power by [state law enforcement] who have **REFUSED** to investigate" her claims, violating the Fourth, Sixth, and Fourteenth Amendments. Id. at 1, 19.

Upon review and consideration, the Court holds the R&R correctly concludes the Plaintiff fails to state a claim under § 1983. To state a claim under § 1983, a plaintiff must

---

[2] While private citizens are not categorically precluded from § 1983 liability, the standard to subject non-state actors to liability under § 1983 is an exacting one. "[T]he Supreme Court has held that private activity will generally not be deemed 'state action' unless the state has so dominated such activity as to convert it into state action." DeBauche v. Trani, 191 F.3d 499, 507 (quoting Blum v. Yarestsky, 457 U.S. 991, 1004 (1982)). Here, the Court finds the Plaintiff has not established the requisite nexus between any private action and state action. See id. Accordingly, the Plaintiff's § 1983 claim against the non-state actors fails as a matter of law.

establish: (1) a person acting under color of state law (2) deprived the plaintiff of "a right, privilege or immunity secured by the Constitution or laws of the United States." Dowe v. Total Action Against Poverty, 145 F.3d 653, 658 (4th Cir. 1998).

Here, the Plaintiff fails to sufficiently allege any Defendant deprived her of a right secured by federal law. While the Plaintiff asserts violations of the Fourth, Sixth, and Fourteenth Amendments, each assertion fails as a matter of law. First, the Sixth Amendment cannot serve as the basis for the Plaintiff's § 1983 claim insofar as she is not a criminal defendant. See Johnson v. Hettleman, 812 F.2d 1401 (4th Cir. 1987) (Table) (holding Sixth Amendment "has no application" to allegations outside the context of a criminal defendant).

The Plaintiff's Fourth Amendment claim similarly fails. In her objections, the Plaintiff clarifies her argument, positing the state law enforcement Defendants violated her Fourth Amendment rights by refusing to seize property from the other Defendants. ECF No. 16 at 28–30. However, even assuming the property legally belonged to the Plaintiff, she possesses no Fourth Amendment right compelling state law enforcement to seize and return it. See DeShaney v. Winnebago Cnty. Dept. of Social Servs., 489 U.S. 189, 196 (1989) (finding "no affirmative right to governmental aid, even where such aid may be necessary to secure . . . property interests of which the government itself may not deprive the individual.").

The Plaintiff's Fourteenth Amendment claim, that the Defendants "made false, defamatory statements about" her, fails as well. ECF No. 16 at 22. Specifically, the Supreme Court has long held reputational harm alone is insufficient to establish a violation of the Fourteenth Amendment. Paul v. Davis, 424 U.S. 693, 709 (1979). Thus,

5

because the Plaintiff's Fourteenth Amendment claim is limited to her asserted "protected liberty interest in her good name and reputation," it fails as a matter of law.

In sum, the R&R correctly concludes the Plaintiff fails to state a claim under § 1983. Accordingly, the Plaintiff's objections arguing otherwise are overruled.

**B. The R&R correctly concludes the Plaintiff fails to state an ADA claim.**

The R&R finds the Amendment Complaint fails to state a claim under the ADA. ECF No. 14 at 16–17. Specifically, the R&R reasons the Plaintiff does not proffer what disability she purportedly has, that she "qualified for the benefit in question," or the existence of discriminatory intent. Id. at 17. The Plaintiff seemingly objects. ECF No. 16 at 2–5, 23–25.

Upon review and consideration, the Court holds the R&R correctly concludes the Plaintiff fails to state a claim under the ADA. To sufficiently allege a violation of the ADA, a plaintiff must demonstrate: (1) she has a disability; (2) she is otherwise qualified for the benefit at issue; and (3) she was denied the benefit "due to discrimination solely on the basis of the disability." Baird ex rel. Baird v. Rose, 192 F.3d 462, 467 (4th Cir. 1999); Halpern v. Wake Forest Univ. Health Scis., 669 F.3d 454, 461 (4th Cir. 2012).

Here, the Plaintiff has not established any of the three required elements to sustain a claim under the ADA. Indeed, the Plaintiff does not state what disability she allegedly has in either the Amended Complaint or her objections. Additionally, the Plaintiff includes no facts to show the alleged disability "substantially limits one or more major life activities, a record of such impairment, or [that she] is regarded as having such an impairment." Mustafa v. Clark Cnty. Sch. Dist., 157 F.3d 1169, 1174 (4th Cir. 1998) (citing 29 C.F.R. § 1630.2(g); Bragdon v. Abbot, 524 U.S. 624, 631–42 (1998)). Further, the Plaintiff does

not demonstrate she is otherwise qualified for any benefit or that she was denied such a benefit solely on the basis of a disability.

In sum, the R&R correctly concludes the Plaintiff fails to state an ADA claim. Accordingly, the Plaintiff's objections arguing otherwise are overruled.

### C. The R&R correctly concludes the Plaintiff fails to state a RICO claim.

The R&R finds the Amended Complaint fails to state a claim under RICO. ECF No. 14 at 17–19. Specifically, the R&R reasons the Plaintiff has not alleged facts sufficient to demonstrate any racketeering activity or causation between a RICO violation and a legitimate injury to the Plaintiff's business or property. Id. at 18–19. The Plaintiff appears to object. See ECF No. 16 at 30–31.

Upon review and consideration, the Court holds the R&R correctly concludes the Plaintiff fails to state a RICO claim. To establish a civil RICO claim, a "plaintiff must allege '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity' . . . [and] that (5) [they were] injured in [their] business or property (6) by reason of" the racketeering activity. D'Addario v. Geller, 264 F. Supp. 2d 367, 396 (E.D. Va. 2003) (quoting Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496–97 (1985)); see 18 U.S.C. §§ 1962, 1964(c).

Here, the Amended Complaint lacks facts sufficient to support a civil RICO claim. Indeed, the Amended Complaint "only vaguely identifies the racketeering activity in which 'Defendants' allegedly engaged in by generally citing to various federal criminal statutes without factual support." ECF No. 14 at 19. Similarly, the Plaintiff's objections simply contend the Defendants have "committed money laundering[,] theft, and embezzlement." ECF No. 16 at 30. The Plaintiff's contentions are no more than insufficient "the-defendant-

7

unlawfully-harmed-me accusation[s]." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Moreover, to the extent the Amended Complaint includes factual allegations at all, the Court finds it constitutes an impermissible "shotgun pleading" that "is presented in such a conclusory form that it is virtually impossible to ascertain what claims are asserted against which [D]efendants and on what legal basis the respective claims are founded." Turton v. Va. Dep't of Educ., 2014 WL 12539403, *2 (E.D. Va. Sept. 23, 2014) (citing Anderson v. Dist. Bd. of Trs., 77 F.3d 364, 366–67 (11th Cir. 1996); Fed. R. Civ. P. 8(a)).

In sum, the R&R correctly concludes the Plaintiff fails to state a RICO claim. Accordingly, the Plaintiff's objections arguing otherwise are overruled.

### III. CONCLUSION

Upon *de novo* review, the Court holds the R&R carefully considered the record and applied the appropriate legal analysis. Thus, the Plaintiff's objections [ECF No. 16] are **OVERRULED**.

Therefore, it is the opinion of this Court that the R&R [ECF No. 14] should be, and is hereby, **ORDERED ADOPTED**. For the reasons more fully stated in the R&R, the Plaintiff's Amended Complaint [ECF No. 9] is **DISMISSED WITHOUT PREJUDICE**, and this matter is **ORDERED STRICKEN** from the Court's active docket. Consequently, the Plaintiff's Motion for Leave to Proceed in Forma Pauperis [ECF No. 2] is **DENIED AS MOOT**.

The Clerk of Court is **DIRECTED** to transmit a copy of this Order to the *pro se* Plaintiff by certified mail, return receipt requested, at her last known address as reflected on the docket sheet.

**DATED**: October 21, 2024

GINA M. GROH
UNITED STATES DISTRICT JUDGE